STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1006

LARYE MORROW

VERSUS

LOUISIANA MEDICAL MUTUAL INSURANCE COMPANY
(LAMMICO), CUSIMANO PLASTIC SURGERY, LLC, AND
LUKE ANTHONY CUSIMANO, III, M.D.

Judgment Rendered: ___FEB 2 4 2023___

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 715166

The Honorable Donald R. Johnson, Judge Presiding

| | |
|---|---|
| Damon L. Beard | Counsel for Plaintiff/Appellant, |
| Todd A. Townsley | Larye Morrow |
| Sage Thibodeaux | |
| Hannah E. Mayeaux | |
| Lake Charles, Louisiana | |
| | |
| Vance A. Gibbs | Counsel for Defendants/Appellees, |
| Jason R. Cashio | Luke Anthony Cusimano, III, M.D., |
| Baton Rouge, Louisiana | Cusimano Plastic Surgery, LLC, |
| Karen M. Fontana Young | and Louisiana Medical Mutual |
| New Orleans, Louisiana | Insurance Company |

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

**MILLER, J.**

Larye Morrow ("Ms. Morrow") appeals a judgment, which sustained dilatory exceptions of prematurity in favor of the appellees, Louisiana Medical Mutual Insurance Company ("LAMMICO"), Cusimano Plastic Surgery, LLC ("Cusimano Plastic Surgery"), and Luke Anthony Cusimano, III, M.D. ("Dr. Cusimano"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On January 20, 2021, Dr. Cusimano performed surgery on Ms. Morrow, and drains were placed in the pocket of her breasts and in the back of both breasts. On January 27, 2021, Ms. Morrow presented to Dr. Cusimano for her first post-operative visit, and on February 5, 2021, Dr. Cusimano removed the drains from Ms. Morrow's breasts. Due to continued pain, Ms. Morrow underwent chest x-rays which revealed a looped wire within the soft tissues of the posterior left chest wall. On November 2, 2021, Dr. Taylor Theunissen performed a four-centimeter excision and dissection through Ms. Morrow's subcutaneous tissue and removed eighteen centimeters of drain tube previously placed by Dr. Cusimano.

On January 20, 2022, Ms. Morrow filed a "Petition for Damages" against LAMMICO, Cusimano Plastic Surgery, and Dr. Cusimano. She alleged that Cusimano Plastic Surgery and Dr. Cusimano breached the applicable medical standards and committed medical malpractice. Specifically, Ms. Morrow contended that Dr. Cusimano and his staff did not ensure that the drain was removed in its entirety and did not examine the portion of the drain that was removed to ensure the drain was not damaged or broken. She further alleged that Dr. Cusimano was insured by LAMMICO.

On February 22, 2022, Dr. Cusimano and LAMMICO filed a dilatory exception of prematurity, and on April 6, 2022, Cusimano Plastic Surgery filed an identical exception. The appellees contended that the medical review panel had not

2

reviewed Ms. Morrow's allegations of medical malpractice nor rendered an opinion as required by La. R.S. 40:1231.8. Therefore, the appellees asserted that the allegations contained in Ms. Morrow's petition were premature and the lawsuit should be dismissed. Dr. Cusimano, LAMMICO and Cusimano Plastic Surgery each attached three exhibits to their exceptions including Ms. Morrow's petition, Dr. Cusimano's Certificate of Enrollment with the Louisiana Patient's Compensation Fund, and Ms. Morrow's Medical Malpractice Complaint.

On April 14, 2022, Ms. Morrow filed an opposition to the appellees' exceptions of prematurity. Ms. Morrow contended that the Louisiana Health Emergency Powers Act ("LHEPA") applied to this case and barred any claims against the listed health care providers under the Louisiana Medical Malpractice Act ("LMMA") while the Louisiana Governor's declared Public Health Emergency was in effect. Ms. Morrow further argued that she brought an intentional tort and/or gross negligence or willful misconduct claim against LAMMICO, Cusimano Plastic Surgery, and Dr. Cusimano, which is governed by LHEPA and not LMMA. Ms. Morrow attached her petition to her opposition.

The appellees' exceptions were heard by the trial court on April 25, 2022. The trial court sustained the appellees' exceptions of prematurity and dismissed Ms. Morrow's claims without prejudice. The trial court signed a judgment to that effect on May 23, 2022. It is from this judgment that Ms. Morrow appeals.

**ASSIGNMENTS OF ERROR**

Ms. Morrow contends that (1) the trial court erred in sustaining the appellees' exceptions of prematurity requiring Ms. Morrow's gross negligence, willful misconduct, and intentional tort claims to be reviewed by a medical review panel because Title 40 does not govern intentional or gross acts; and (2) the trial court erred in sustaining the appellees' exceptions of prematurity because under a

3

Public Health Emergency, Title 29 governs Ms. Morrow's claims and Title 40 cannot form a basis for the appellees' liability.

## STANDARD OF REVIEW

Louisiana Code of Civil Procedure article 926(A)(1) provides for the exception of prematurity. This exception questions whether the cause of action has matured to the point where it is ripe for judicial determination. Kelleher v. University Medical Center Management Corporation, 2021-00011 (La. 10/10/21), 332 So. 3d 654, 657. The exception of prematurity subjects a medical malpractice claim against a qualified health care provider to dismissal if "such claim has not first been reviewed by a pre-suit medical review panel" as required by La. R.S. 40:1231.8. Id. In a medical malpractice matter such as this, the exceptor must demonstrate that they are entitled to a medical review panel because the allegations fall within the scope of the LMMA. Id. The question of whether a medical malpractice claim is within that scope is a question of law subject to the *de novo* standard of review. Id.

## DISCUSSION

Ms. Morrow contends that her claims do not fall under the LMMA. First, Ms. Morrow argues that her petition alleges gross negligence, willful misconduct, and an intentional tort by Dr. Cusimano and Cusimano Plastic Surgery, that such claims fall outside of the LMMA, and that they do not require submission to a medical review panel. Secondly, Ms. Morrow directs attention to the LHEPA, noting that the subject treatment occurred during the Covid-19 global pandemic and that the LHEPA governs instead of the LMMA in this instance.

Typically, La. R.S. 9:2794(A) provides the burden of proof for medical malpractice based on the negligence of a physician. The underlying medical treatment at issue in this case occurred in 2021, well after the Governor's March 11, 2020 declaration of a public health emergency due to the pandemic. Louisiana

Revised Statutes 29:771(B)(2)(c)(i) provides a heightened burden of proof against private health care providers during the event of a public health emergency. In this regard, La. R.S. 29:771(B)(2)(c)(i) provides that "[d]uring a state of public health emergency, no health care provider shall be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence or willful misconduct." As the more specific statute, La. R.S. 29:771 prevails over the more general malpractice statutes during a state of public health emergency and provides the heightened burden of proof. Whitehead v. Christus Health Central Louisiana, 2021-764 (La. App. 3rd Cir. 6/8/22), 344 So. 3d 91, 95.

Even during the time of a declared public health emergency, the medical malpractice provisions for private health care providers found in La. R.S. 40:1231.1-1231.10 continue to apply. Id. Nothing in LHEPA directly or indirectly abrogates the LMMA. Louisiana Revised Statutes 40:1231.1(A)(13) defines malpractice by a private health care provider, in part, as follows:

> "Malpractice" means any unintentional tort . . . based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient . . . and also includes all legal responsibility of a health care provider arising from acts or omissions . . . in the training or supervision of health care providers . . ..

Cook v. Rigby, 2019-1463 (La. App. 1st Cir. 4/13/21), 323 So. 3d 383, 391, writ denied, 2021-00663 (La. 9/27/21), 324 So. 3d 102. Given the definition provided by La. R.S. 40:1231.1(A)(13), courts of this state have determined that claims for gross negligence of private health care providers are covered under the LMMA. Whitehead, 344 So. 3d at 95. Thus, Ms. Morrow's claims of gross negligence and/or wrongful misconduct fall within the type of treatment-related "unintentional tort" described by La. R.S. 40:1231.1(A)(13) and must proceed to a pre-trial medical review panel.

5

Ms. Morrow also contends that she specifically alleged that the appellees' willful, deliberate, and intentional choices made it predictable or substantially certain harm would occur to her. Ms. Morrow argues that such claims of intentional acts must proceed outside the LMMA. An intentional tort requires that the provider either: "(1) consciously desires the physical result of his act[;] or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." Bazley v. Tortorich, 397 So. 2d 475, 481 (La. 1981). However, something more than a conclusory allegation of intentional conduct is required. Butler-Bowie v. Olive Branch Senior Care Center, 52,520, p. 10 (La. App. 2nd Cir. 2/27/19), 266 So. 3d 478, 484. "[T]he mere invocation of the word 'intentional' will not create a cause of action." Id. at 485.

The allegations in Ms. Morrow's petition regarding intentional acts are conclusory and do not contain specific facts sufficient to establish that the appellees consciously desired the physical result of their acts or knew that the result was substantially certain to follow from their conduct. See Bazley, 397 So. 2d at 481. Rather, the conduct complained of was alleged to be a failure to advocate for Ms. Morrow and provide the care she needed; failure to ensure competency of the physicians and staff; failure to supervise staff; failure to properly assess, evaluate, diagnose, monitor, manage, and treat Ms. Morrow; failure to properly develop, implement, evaluate, and update a plan of care for Ms. Morrow; failure to consistently perform and document a proper assessment; failure to complete the drain removal; failure to provide consistent medical record documentation; failure to utilize knowledge, education, and expertise in caring for Ms. Morrow; failure to provide comprehensive counseling and obtain informed consent; failure to properly perform procedures; and other acts and omissions. This deficiency of fact pleading distances Ms. Morrow's claims from the definition of intentional tort provided in Bazley, 397 So. 2d 475.

At the outset, Ms. Morrow's allegations must be measured under the factors of Coleman v. Deno, 2001-1517, (La. 1/25/02), 813 So. 2d 303. Ms. Morrow's factual allegations relate to treatment errors or omissions by Cusimano Plastic Surgery and Dr. Cusimano, stemming from medical treatment and related care as defined in La. R.S. 40:1231.1(A)(13). Moreover, Ms. Morrow's claims satisfy the Coleman factors and thus fall under the LMMA as they: (1) are treatment related or caused by a dereliction of skill; (2) will require expert medical evidence as to standard of care; (3) pertain to assessment of the patient's condition; (4) occurred within the context of a physician-patient relationship or within the hospital's scope of activities; (5) will require consideration of whether the injury would have occurred absent treatment; and (6) are not sufficiently alleged to have been intentional. See Coleman, 813 So. 2d at 315-16. While Ms. Morrow does allege intentional acts, as previously discussed, these allegations are not legally adequate.

Accordingly, we determine that Ms. Morrow's claims fall under the LMMA and therefore require pre-trial submission to a medical review panel. The trial court did not err in sustaining the appellees' exceptions of prematurity, and Ms. Morrow's assignments of error are without merit.

## CONCLUSION

The judgment sustaining the dilatory exceptions of prematurity in favor of the appellees, Louisiana Medical Mutual Insurance Company, Cusimano Plastic Surgery, LLC, and Luke Anthony Cusimano, III, M.D., and against the appellant, Larye Morrow, is affirmed. All costs of this appeal are assessed to Larye Morrow.

**AFFIRMED.**